REQUESTED BY: Senator James E. Pappas State Capitol Lincoln, Nebraska 68509
Dear Senator:
This is in response to your letter of November 18, 1985, in which you are concerned about the authority of the Department of Economic Development to transfer the Wild West Arena in North Platte, or in the alternative to lease the property and authorize the fixtures, which constitute the grandstand and other aspects of the arena, to be removed to a separate location.
We would note first, that it is our policy not to provide state legislators with opinions seeking interpretations of existing statutes. A stated exception to this policy is where the necessity for the proposed legislation is dependant upon such an interpretation. In this case, your request was premised on the need to enact such legislation if no authority presently exists on behalf of the Department of Economic Development for such actions. Consequently, this is an appropriate exception to our stated policy.
The Wild West Arena, which consists of the underlying real estate and the fixtures upon it, was transferred to the Department of Economic Development from the Game Parks Commission by virtue of Neb.Rev.Stat. § 81-1222.01 (Reissue 19 in 1972. Neb.Rev.Stat. § 81-1222.02(2) (Reissue 1984), further provides that the director of Economic Development may lease such property if the lease is in the best interest of the State.
We can find no authority which would authorize the Department of Economic Development to transfer such property, as is the case with some State property managed by other State agencies. In the absence of such specific authority, we must conclude that the legislature did not grant the power to the Department of Economic Development to transfer this property. Likewise, while the department can clearly lease this property, there is no specific authority which would allow the removal of the fixtures constituting the arena to private property under a lease agreement. We must also conclude that there would be no authority for the department to enter into such a lease arrangement. Thus, legislation would be necessary for the Department of Economic Development to enter into either of the proposed arrangements concerning this property.
In this regard, you also ask whether the department could transfer the facility back to the Game Parks Commission. In as much as the property was originally transferred by virtue of a statute, it appears that similar statutory authority would have to be enacted to allow such a transfer back to the Game Parks Department.
Finally, you ask in regard to the proposed lease and removal of the fixtures, whether it would make any difference if the facility was leased to a political subdivision. This would have no bearing on the Department's lack of authority to enter into such a lease agreement.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm